# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2694

_____

Dale Williams, Sr.,

      Appellant,

v.

Cal Ludeman, Commissioner of Human Services; James Arneson, Supervisor, Polk County Social Services, in their individual and official capacities,

      Appellees.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: March 7, 2012
Filed: March 23, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dale Williams, Sr., was indefinitely committed in May 2005 under the Minnesota Sex Offender Program, a program administered by the Minnesota Department of Human Services. He is currently a civil detainee in a MDHS facility in Carlton County, Minnesota. His son is a vulnerable adult who resides in a group home after the Polk County District Court appointed a guardian for the son in 2004. In this 42 U.S.C. § 1983 action, Williams alleges that Cal Ludeman, Commissioner of Human Services, and James Arneson, a Polk County Social Services supervisor,

violated Williams's federal constitutional right to contact his son by denying visits, blocking phone calls, and preventing his son from writing. The district court[1] dismissed these claims based upon defendants' showing that they were not personally involved in limiting contacts between Williams and his son. Williams appeals.

After careful de novo review, we agree with the district court that the claims must be dismissed because Williams failed to present evidence that Ludeman acted in other than a supervisory capacity or that Arneson had any control over Williams's son. See Moore v. Indehar, 514 F.3d 756, 757-758 (8th Cir. 2008). We also note that Williams may well have adequate remedies under state law that he has not exhausted. To the extent the MDHS custodians are limiting attempts to contact his son -- which he does not allege -- he should challenge those restrictions through an institutional grievance. To the extent the son's group home is blocking Williams's attempted contacts, no doubt with the guardian's approval, Williams is presumably an interested person who may petition the Polk County District Court for appropriate relief. See Minn. Stat. §§ 524.5-316(b), 524.5-317(b).

We further conclude that the district court did not abuse its discretion in not allowing Williams to amend his complaint and therefore affirm. See 8th Cir. R. 47B.

————————————————

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.